# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ENDIA DICKSON,**

    **Plaintiff,**

vs.

    Civil Action 2:09-cv-00166
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E. A. Preston Deavers

**WALMART, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendant's January 27, 2010 Motion to Dismiss for Failure to Prosecute (Doc. 13) and its May 18, 2010 Renewed Request to Grant its Motion to Dismiss (Doc. 23), requesting an order dismissing Plaintiff's action due to failure to participate in discovery and otherwise prosecute her claims. For the reasons that follow, it is **RECOMMENDED** that Defendant's motions be **GRANTED** and that Plaintiff's action be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

## I.

On March 9, 2009, Plaintiff, Endia Dickson, filed her Complaint against Defendant, Walmart, Inc., alleging that she was the victim of race discrimination, sex discrimination, retaliation and violations of the Family Medical Leave Act. On April 1, 2009, Walmart timely filed its Answer to Plaintiff's Complaint, denying the substantive allegations of the Complaint.

On June 30, 2009, Plaintiff failed to appear for the Preliminary Pretrial Conference and did not provide the Court or Defendant with advance notice that she would not be present. Prior to the Conference, despite multiple attempts, Defendant's counsel was unable to reach Plaintiff

through her listed address and phone number to complete the required Rule 26(f) Report. Magistrate Judge Kemp subsequently issued an Order requiring Plaintiff to file an affidavit explaining why she missed the conference. Plaintiff responded with an affidavit proclaiming that she had a "nasty bout of scabies," which was contagious and had prevented her from appearing. (Doc. 11, Dickson Aff. ¶ 3).

On August 13, 2009, Defendant sent Plaintiff its First Set of Interrogatories and First Request for Production of Documents, via certified and regular mail. Included with the discovery was a request that Plaintiff contact Defendant's counsel to confirm her availability for her deposition. Plaintiff did not respond to the discovery requests or otherwise communicate with Defendant's counsel. Thus, on October 9, 2009, Defendant's counsel sent follow-up correspondence, notifying Plaintiff that her discovery responses were extremely overdue. Defendant also enclosed a Notice of Deposition, formally scheduling Plaintiff's deposition for October 30, 2009.

On October 11, 2009, Plaintiff sent an email to Defendant's counsel, stating that she had "received" Defendant's correspondence and instructing Defendant to email her back if Defendant "needs something further." (Def.'s Mot. to Dismiss at Ex. A, Day Aff. at Ex. 4). The email did not contain any discovery responses. Nor did Plaintiff address any of the matters raised in Defendant's previous correspondence.

On October 26, 2009, Counsel for Defendant sent Plaintiff another email, notifying her that she was attempting to schedule a discovery conference with the Court because of Plaintiff's failure to respond to discovery or deposition requests. Plaintiff did not respond to this correspondence.

On October 27, 2009, Defendant's counsel sent Plaintiff additional correspondence, via email, outlining various discovery issues and notifying Plaintiff that Defendant was canceling her deposition because of her failure to respond to its discovery requests. Plaintiff responded, stating that she had "in her records the date of October 30th in which you wanted to meet for discovery and deposition. If you would like to do this before then, name a place and location." (*Id*. at Ex. 7). Defendant's counsel immediately responded, reminding her that the Defendant needed the discovery responses before it could take her deposition, and thus, her deposition would need to be rescheduled. Plaintiff responded on October 28, 2009, stating that she was willing to travel to settlement mediation, but was "not receiving mail immediately" and that she was not answering her phone because she receives "many many unsolicited calls and must filter them." (*Id*. at Ex. 8). In November 2004, the parties notified the Court that they declined participation in "Settlement Week," because Defendant had yet to receive Plaintiff's discovery responses.

On January 27, 2010, Defendant filed the subject Motion to Dismiss for Failure to Prosecute. Plaintiff, in her January 28, 2010 opposition memorandum, represented that she was willing to "share discovery," but that she was waiting on Defendant's counsel to "confirm their availability." (Pl.'s Mem. in Opp. at 1). Based upon these representations, on February 2, 2010, Defendant sent Plaintiff another letter, requesting Plaintiff to provide "written responses to the written questions (also called Interrogatories) and any documents that are responsive to the Requests for Production of Documents." (Def.'s Mot. to Dismiss at Ex. A, Day Aff. at Ex. 1). Plaintiff again responded by asking Defendant's counsel to meet. And again, Defendant's counsel explained,

3

> It is not necessary for us to meet at this point. As we have explained several times, we need to receive your overdue responses to Walmart's discovery requests. You can send those by mail or drop them off at my office . . . .

(Def.'s Reply at Ex. A, Day Aff. at Ex. 2). Plaintiff replied by indicating that she was willing to meet to let Defendant copy her responsive documents, explaining that she would not mail them because they weighed too much. Thereafter, the parties agreed that Plaintiff would bring the documents to Defendant's counsel's office on February 25, 2010. Defendant, in its April 29, 2010 Supplemental Memorandum, averred that Plaintiff did not produce documents as promised on February 25, 2010, nor did she provide any explanation for her failure to do so. Defendant further represented that as of April 29, 2010, Plaintiff still had not provided any discovery responses or otherwise communicated with Defendant since February 18, 2010.

Based upon the foregoing, on April 30, 2010, the Court ordered Plaintiff "to provide Defendant with her responses to Defendant's August 2009 written discovery on or before May 17, 2010 or to show cause on or before May 17, 2010 why Defendant's motion to dismiss for failure to prosecute should not be granted and why this case should not be dismissed with prejudice for want of prosecution." (April 30, 2010 Order at 2). In addition, the parties were further ordered to file a status report on or before May 18, 2010. The Order specifically explained that:

> To comply with this Order, Plaintiff must mail or hand-deliver her responses to the written discovery on or before May 17, 2010. If Plaintiff is hand-delivering her responses to Defendant's counsel, she should notify Defendant's counsel beforehand. Defendant is not required to meet with Plaintiff to accomplish this. Plaintiff should support any good cause showing with a sworn affidavit.

\* \* \*

> Plaintiff is specifically cautioned that failure to comply with this Order

4

will likely result in dismissal of her Complaint with prejudice.

(*Id*. at 2-3).

On May 18, 2010, Defendant notified the Court of Plaintiff's failure to comply with the Court's April 30, 2010 Order by failing to respond to written discovery or otherwise prosecute her case. Defendant represents that Plaintiff has not communicated with Defense counsel at any time since February 18, 2010. Defendant also renewed its request for dismissal for failure to prosecute.

Plaintiff did not timely file a status report.

## II.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

5

> dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, the record amply demonstrates such delay. Plaintiff demonstrated a persistent and willful refusal to cooperate in discovery. Further, Plaintiff took no affirmative steps to advance her case. She served no discovery and made no effort to depose anyone relevant to her claims. This case has languished, without action or progress, for more than ten months. More significantly, Plaintiff intentionally disregarded this Court's orders.

In addition, Plaintiff's conduct results in prejudice to Defendant. "[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). After submitting the discovery requests, Defendant expended considerable time and financial resources in pursuit of discovery that Plaintiff was legally obligated to provide. Further, Defendant incurred the expense of filing motions and reports. Finally, the time period for discovery has passed, and dispositive motions must be filed by May 31, 2010. Defendant has been deprived of its right to defend itself and to file a dispositive motion.

As for the third factor, proper notice, the Court's April 30, 2010 Order, ordering Plaintiff to show cause within fourteen days why her case should not be dismissed with prejudice for

want of prosecution, provided Plaintiffs with adequate notice of the Court's intention to dismiss her case for failure to prosecute. The Order supplied Plaintiff with a reasonable period of time to comply with the Order. Indeed, the Order specifically cautioned Plaintiff that failure to comply would "likely result in dismissal of her Complaint with prejudice." (April 30, 2010 Order at 2-3). Further, "where a party files a motion to dismiss, 'there can be no argument that [the plaintiff] was without notice that the district court was contemplating dismissal of his [or her] complaint.'" *Hood v. Smith's Transfer Corp.*, No. 98-5917, 1999 WL 685920, at *3 (6th Cir. Aug. 26, 1999) (quoting *Harmon,* 110 F.3d at 367).

Finally, the sanction of dismissal is warranted in the instant case. Given the Court's finding of contumacious conduct, coupled with expired discovery deadlines and a looming dispositive motion deadline, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

### III.

It is **RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 13) and its Renewed Request to Grant its Motion to Dismiss (Doc. 23) be **GRANTED** and that Plaintiff's action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to Endia Dickson, 100 North Ashburton Road, Columbus, Ohio 43214 and to send a copy by electronic mail to endiasummer@yahoo.com.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

7

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

May 21, 2010                                           /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge